UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-                               S2 21-Cr-113 (PMH)

JAMAUL AZIZ,
     a/k/a "Bugz,"
                                            Hon. Philip M. Halpern, U.S.D.J.
          Defendant.

-----------------------------------------------------X

## DECLARATION OF JAMAUL AZIZ

In accordance with the provisions of Section 1746 of Title 28 United States Code, I, the undersigned, Jamaul Aziz, do hereby make the following declarations:

1. I am currently charged by indictment with a conspiracy to distribute narcotics, possession of a firearm in the course and furtherance of that conspiracy and the criminal possession of a firearm because of my status as a convicted felon (see Superseding Indictment, Doc. # 99).

2. I have pleaded not guilty to those charges and I await trial.

3. On Thursday January 7, 2021 at approximately 9:00 p.m. I was driving on Route 17 in Sullivan County when my car was pulled over by members of the New York State Police.

4. I observed one officer coming to my driver side window and another officer approaching behind me on the passenger side. The officer approaching on the passenger side had his gun drawn.

5. I asked the officer why I had been stopped. He told me I was speeding which I denied. He told me to give him my license and registration and told me to get out of the car.

6. I believe the stop was illegal as I did not commit any moving violations; I was driving cautiously.

7. When I exited the vehicle, I was grabbed by my arm and turned around. I was bent over

1

the hood of the Troop car behind my vehicle and searched. At least four other officers where present at that point and my pants were pulled down and an officer put his fingers in my anus.

8. I have been told that the package of white powder taken from my buttocks weighed approximately 23 grams and was fentanyl analogue. I have been charged with these drugs in the superseding indictment (Document #99).

9. I was eventually taken in handcuffs to a police headquarters where I was interrogated for over forty minutes despite the fact I told them I did not want to talk to them.

10. Two officers who introduced themselves to me as Travis (Hartman) and Chris (Williams) told me I was under arrest but when I asked them why I was under arrest, they told me they would "let the FBI tell you that."

11. I told them that I had been pulled over "illegally."

12. I was told by one of the officers that this is not "your normal car stop, pull over on the highway kind of thing" that the "gig" was up and that they "know everything."

13. They told me again that this was "not just a regular car stop on the side of the road" that this was a "four month long investigation."

14. When they gave me my Miranda warnings, they asked me if I wished to speak to them and I told them, "you said you're speaking to me, I don't want to speak to you." They said, "that's fine you can listen."

15. But they persisted in asking me questions and told me "the only thing you can do now is help yourself out, you can't get yourself in any more trouble."

16. I felt constrained to answer their questions even if some of my answers were untrue.

17. They persisted and were becoming what I perceived to be angry and frustrated because I was refusing to answer their questions and give them what they wanted to hear.

18. The interrogation finally ended after approximately forty-five minutes.

19. I believe that the traffic stop and my cavity search on the side of the road was illegal and that the drugs that the police seized from my person and the physical evidence taken from my automobile should be suppressed.

20. I believe that my statements made at police headquarters during my custodial interrogation should also be suppressed as fruits of the illegal stop and because the police violated my right to remain silent.

21. I declare this to be true under penalty of perjury.

Dated: July 28, 2022

*JAMAUL AZIZ*