UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—--------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

       Docket No. 21 Cr. 113 (PMH)

   -against-

JAMAUL KARRIM AZIZ,

        Defendant.
—--------------------------------------------------------X

### *DEFENDANT'S PRO SE MOTION TO WITHDRAW GUILTY PLEA, AND TO DISMISS THE INDICTMENT, AND AUTHORITY IN SUPPORT THEREOF, PURSUANT TO FED. R. CRIM. P. RULE 11(d)(1), AND 18 USC 3162(a)(1)*

**NOW COMES** Defendant, **JAMAUL KARRIM AZIZ,** and respectfully submits this motion to withdraw his guilty plea, and thereafter dismiss the indictment, pursuant to Rule 11(d)(1) of the Federal Rules of Criminal Procedure and 18 USC 3162(a)(1), and for such other relief as the Court deems just and proper. For the reasons stated hereinafter, this motion should be granted.

    *I.*    **Background & Relevant Facts.**

On January 8, 2021, a criminal complaint was filed charging Defendant with conspiracy to distribute controlled substances, in violation of 21 USC 846. Defendant was arrested that day. Less than three weeks later, on January 31, 2021, the assigned AUSA filed an affirmation with the Court seeking a 28 day extension of time in which to file an indictment. In that affirmation, made under penalty of perjury, the Government misrepresented to the Court that there were discussion about a resolution of the case with Jason Ser, Esq., who had been appointed to represent the Defendant after his arrest. The Government asserted that Mr. Ser had consented to the 28 day extension ten days earlier on January 21, 2021, less than two

weeks after Defendant's arrest, and counsel's court appointment, based on plea discussions. However, at no time while Defendant was represented by the Federal Defenders had there been plea negotiations, or any discussions between counsel and the Government concerning a resolution without a trial, especially given the absence of any discovery or a discussion between Defendant and counsel of the strength of the Government's case. And the first Defendant learned of such alleged discussions, or any consent to extend the time for filing the indictment was after he entered his guilty plea.

On February 3, 2021, the Court granted the Government's continuance, which was based on the aforementioned material misrepresentation by the Government. On February 22, 2021, an indictment was filed. It should be noted that the Government, in a letter dated March 12, 2021, made an identical false statement to the Court, in violation of 18 USC 1001, seeking a Congressionally unauthorized and impermissible continuance based on non-existent plea discussions.

On September 13, 2022, a superseding indictment was filed in this case, Defendant remained in custody in the meantime for more than six months without a trial. On September 15, 2022, on the advice of counsel, Defendant entered a plea of guilty. On October 17, 2022, Defendant moved to withdraw his guilty plea. The Court appointed new counsel, and scheduled a hearing instead of simply allowing the plea to be withdrawn, even though the guilty plea had not been accepted. On December 14, 2022, Defendant again appeared before a United States Magistrate Judge and, on the advice of counsel, advised that he would be standing on his guilty plea.

Prior to the appearance on December 14, 2022, Defendant was led to believe that he would be required to offer the Court a good reason for wanting to withdraw his guilty plea. However, since that appearance Defendant has learned that he has a right to withdraw his guilty plea and need not offer an explanation for so doing.

Defendant now seeks to withdraw his guilty plea, and seeks dismissal of the indictment based on prosecutorial misconduct and the failure to return an indictment in conformance with the Speedy Trial Act. This motion should be, and is hereby due to be, granted.

II. Arguments.

### Point One

**DEFENDANT SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA, WITHOUT EXPLANATION OR A HEARING, AS A MATTER OF RIGHT, IN ACCORDANCE WITH FED. R. CRIM. P. 11(d)(1), SINCE THE COURT HAS NOT "ACCEPTED" DEFENDANT'S GUILTY PLEA**

Rule 11(d)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, that after entering a plea of guilty, a defendant may withdraw that guilty plea "*for any reason or no reason at all.*" Fed. R. Crim. P. 11(d)(1); *see also United States v. Overton,* 24 F.4th 870 (2d Cir. 2022)(observing that a "Defendant may withdraw a plea of guilty . . . Before the court accepts the plea, for any reason or no reason.")(quoting Rule 11(d)(1)).

Defendant previously moved to withdraw his guilty plea by *pro se* letter shortly after entering the plea. However, Defendant's right to withdraw that plea, as mandated by Rule 11(d)(1) was not honored or respected.

Defendant now unequivocally invokes Rule 11(d)(1), which does not require any explanation from Defendant, nor does it require a hearing. It appears that present counsel dropped the ball and render ineffective assistance in counseling Defendant after being appointed to advise Defendant on his previous request to withdraw his guilty plea. Counsel's shortcoming has resulted in a complete lack of trust and confidence in his ability to provide any representation to Defendant in future proceedings, and it therefore absolutely necessary and appropriate to relieve counsel, and assign competent counsel.

### Point Two

**THE INDICTMENT MUST BE DISMISSED WITH PREJUDICE SINCE THE GOVERNMENT ENGAGED IN MISCONDUCT AND FAILED TO RETURN AN INDICTMENT WITHIN THIRTY DAYS OF DEFENDANT'S ARREST, AS MANDATED BY THE "SPEEDY TRIAL ACT" – 18 U.S.C. 3161(b)**

18 USC 3161(b) expressly provides that an indictment must be filed within thirty days of a defendant's arrest on a complaint. The statute also provides for excludable delays, but makes clear that '[n]o continuance . . . shall be granted because of . . . A lack of diligent preparation on the part of the attorney for the Government." 18 USC 3161(h)(7)(C). 18 USC 3162(a)(1) provides for the sanction of dismissal when the government fails to bring a timely indictment.

"Thus, under Section 3161(b) and 3162(a)(1), a defendant must be formally charged, by indictment or information, within thirty days of his arrest on a complaint – subject to certain extensions of time set forth in 3161(h). Failure by the government to so indict a defendant within that thirty-day period requires dismissal of any count against him that is predicated on a charge in the complaint." *United States v. Cortinas,* 785 F.Supp. 357, 359 (E.D.N.Y. 1992); *see also United States v. Taylor,* 487 U.S. 326, 332 (1988); *United States v. Gaskin,* 364 F.3d

438 (2d Cir. 2004).

While dismissal is mandated where an indictment is untimely under Section 3161(b), in deciding whether a dismissal with or without prejudice a district court is required to consider three factors, amongst them is "the facts and circumstances of the case which led to the dismissal." *Taylor*, 487 U.S. at 333. The facts and circumstances of this case compels not only dismissal with prejudice based on the facts and circumstances, but the exercise of the Court's supervisory power is warranted given the egregiousness of the Government's misconduct – which borders on the criminal.

As noted above, the Government submitted a materially false statement to the Court, under penalty of perjury, when it sought an extension of 28 days in which to file an indictment. The Government effectively lied to the Court, contending that there were plea negotiations almost immediately following Defendant's arrest, and that time was needed to continue those discussions. Until recently, Defendant had been completely unaware of this misrepresentation. Indeed, the Government would make an identical false statement to the Court a little more than one month later when it sought another extension in the case. At neither time, as the AUSA then and there well knew, was there plea negotiations, discussions, or other conversations regarding a resolution of the case without an indictment or trial. Instead, a total lack of diligent preparation was the sole reason for the delay. Indeed, given the undebatable trajectory of the case from the outset, it defies logic to even assume that, given the magnitude of the charges, that there would be plea negotiations before Defendant and his attorney had a meaningful opportunity to discuss the particulars of the charge. Indeed, the Government affirmation effectively avers that plea negotiations commenced on the day of Defendant's arrest. This is

ludicrous given the fact that Defendant had not discussed the case with counsel, and counsel had absolutely no familiarity with the Defendant or the particulars of the case on the date of the arrest and counsel's assignment. To even suggest that counsel would engage in such discussions, without having had an in-depth discussion with Defendant about the case, or to advise his client of such negotiations immediately after being assigned, is to suggest the type of conflict of interest that would support a claim of legal malpractice against the Federal Defenders organization, and former counsel.

Simply put, what the Government did was lie to the Court in order to buy time to further investigate, and to strengthen their case. The Court – albeit unwittingly – would serve to collude with the Government to deprive Defendant of the substantive rights afforded him under the Speedy Trial Act.

The Government had until February 7, 2021 to return an indictment and it failed to do so until two weeks later. Despite the Court's order dated February 3, 2021, no continuance was permitted, and Congress has expressly disavowed continuances that are the product of a lack of diligent preparation by the Government. Indeed, courts in this circuit routinely refuse to exclude time under the Speedy Trial Act where the delay is based on bad faith or a lack of diligent preparation. *See, United States v. Jain,* 2020 WL 6047813, at *11 (S.D.N.Y. Oct. 13, 2020).

For the reasons stated, the Court should dismiss the indictment, in accordance with the Congressional mandate set forth in 28 USC 3162(a)(1). Further, given the egregious nature of the Government misconduct, the indictment should be dismissed with prejudice.

### III.     Conclusion.

WHEREFORE, Defendant prays that an order granting this motion will issue promptly, and in the interest of justice.

Dated: Brooklyn, New York
        December 23, 2022

 

Respectfully submitted,

**/s/ *Jamaul Karrim Aziz***

_____
Jamaul Karrim Aziz
Register No. 24716-509
MDC BROOKLYN
P.O. Box 339002
Brooklyn, NY 11232

cc: Office of the United States Attorney (SDNY)