UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—--------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                                Docket No. 21 Cr. 113 (PMH)

    -against-

JAMAUL KARRIM AZIZ,

        Defendant.

—--------------------------------------------------------X

### ***DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE OPPOSING THE DEFENDANTS PRO SE MOTION TO DISMISS THE INDICTMENT***

    Defendant, **JAMAUL KARRIM AZIZ,** and respectfully submits this reply to the Government's response opposing his motion to dismiss the indictment, and would show the Court as follows:

1. As a preliminary matter, if the Court is not inclined to grant substantive relief in the form of a dismissal of the Indictment, Defendant withdraws his request to withdraw his guilty plea, which he understood to be necessary in order to advance his claim of prosecutorial misconduct and violations of his Speedy Trial Act rights.

2. Secondarily, the Court should strike the Government's opposition since the filing violates the unsworn witness rule, and witness-advocate rule, and amounts to prosecutorial misconduct. *See, e.g., Mitchell v. Artus,* 2008 WL 2262606, at* 22 (S.D.N.Y June 2, 2008)(observing that a violation of the rule amounts to prosecutorial misconduct). Here, AUSA Ong is alleged to have engaged in prosecutorial misconduct by lying to the Court to avoid her obligation to make a timely presentment to a grand jury. AUSA Ong was aware of her professional responsibility to disqualify herself given the nature of the obligation. Rather than do so, she filed an unsworn statement denying wrongdoing and characterizing the claim as frivolous. The response should be stricken.

3. Furthermore, a review of public records reveals that AUSA Ong has filed virtually identical affidavits, claim plea negotiations, in virtually all – if not every – case to which she has been assigned where the case was initiated by complaint. In her opposition, she suggests that defense counsel initiated discussions of a possible resolution before he even discussed the particulars of the offense with the Defendant. Unbelievable, implausible, and simply untrue. The misrepresentation to the Court was to afford the Government time to build a stronger case – which it seemingly did. Indeed, the charges were enhanced significantly during the period allotted by the Court. Another individual was charged, the amount of fentanyl was significantly increased – by fabrication.

Substantial prejudice has resulted. Even if the Government could avail itself of its misconduct by technically escaping the Speedy Trial Act sanction (18 USC 3162(a)), the Court should exercise its supervisory power and dismiss the Indictment, and curtail such egregious future prosecutorial misconduct.

4. In *United States v. Roharil Cruz,* No. 21 Cr. 502 (PMH), the defendant was charged in a complaint on June 10, 2021, with a conspiracy involving more than 400 grams of fentanyl. He made his initial appearance on June 18, 2021. On July 14, 2021, AUSA Ong filed an identical affidavit as the one she filed in Defendant's case – seeking a 28 day delay in presenting the case to the grand jury. *See Attached Affidavit of AUSA Ong.* The Court, for its part, granted the request without inquiry. Upon information and belief, there were no plea negotiations there either. Mr. Cruz was subsequently indicted for an offense distinct from that in the complaint.

5. The fact that the charges changed significantly from complaint to indictment further belies the Government's contention that there were discussions about a resolution. The Court should conduct a hearing, and take sworn testimony from Jason Ser and AUSA Ong as to the precise nature and extent of plea discussions. Defendant's substantial rights were violated, and relief is both warranted and appropriate.

Dated: Brooklyn, New York
January 6, 2022

Respectfully submitted,

**/s/** *Jamaul Karrim Aziz*

_____

Jamaul Karrim Aziz
Register No. 24716-509
MDC BROOKLYN
P.O. Box 339002
Brooklyn, NY 11232

cc: Office of the United States Attorney (SDNY)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ROHARIL CRUZ,
a/k/a "Roger,"

Defendant.

AFFIRMATION

21 Mag. 6017

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER        : ss.:
SOUTHERN DISTRICT OF NEW YORK )

JENNIFER ONG, under penalty of perjury, hereby affirms as follows:

1. I am an Assistant United States Attorney in the Southern District of New York. I submit this affirmation in support of an application for an initial order of continuance of the time within which an indictment or information would otherwise have to be filed, pursuant to 18 U.S.C. § 3161(h)(7)(A).

ROHARIL CRUZ, the defendant, was charged with violation of 21 U.S.C. § 846 in a complaint dated June 10, 2021. The defendant was presented by videoconference before Magistrate Judge Judith C. McCarthy on June 18, 2021, and the defendant was detained.

Kerry Lawrence, Esq., attorney for the defendant, has since been engaging in preliminary discussions with the Government concerning a possible disposition of this case without trial, and those discussions are ongoing. The Government hereby requests that a continuance of 28 days be granted, during which time we may pursue further discussions.

2. On July 7, 2021, Mr. Lawrence, counsel for the defendant, agreed by electronic mail on behalf of the defendant that the requested continuance of 28 days is appropriate in these circumstances.

3. For the reasons stated above, the ends of justice served by the granting of the continuance requested outweigh the best interests of the public and defendant in a speedy trial.

4. Pursuant to Title 28, United States Code, Section 1746, I declare under penalties of perjury that the foregoing is true and correct.

Executed on July 12, 2021.

_____
JENNIFER ONG
Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ROHARIL CRUZ,
a/k/a "Roger,"

Defendant.

ORDER OF CONTINUANCE

21 Mag. 6017

Upon the application of the United States of America and the affirmation of JENNIFER ONG, Assistant United States Attorney, it is found that ROHARIL CRUZ, a/k/a "Roger," the defendant, was charged with violations of 21 U.S.C. § 846 in a complaint dated June 10, 2021, and was arrested on June 17, 2021;

It is further found that the defendant was presented by videoconference before Magistrate Judge Judith C. McCarthy on June 18, 2021, and the defendant was detained.

It is further found that Kerry Lawrence, Esq., counsel for the defendant, has been engaging in preliminary discussions with the Government concerning possible disposition of this case without trial;

It is further found that the Government has requested a continuance of 28 days to engage in further discussions with counsel about the disposition of this case without trial and that counsel for the defendant on behalf of the defendant has agreed that a continuance of 28 days may be granted for such purpose; and

It is further found that the granting of such a continuance best serves the ends of justice and outweighs the best interest of the public and the defendant in a speedy trial; and therefore it is

ORDERED that the request for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) is hereby granted until **August 11, 2021.**

Dated: White Plains, New York
July 12, 2021

_____
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                **SCHEDULING ORDER**

   -against-                                  21 MJ 6017

ROHARIL CRUZ,

                Defendant.
------------------------------------------------------------X

        The Court has scheduled a change of counsel conference for August 17, 2021 at 11:00 a.m. before Magistrate Judge Judith C. McCarthy using the Cisco Webex platform. Counsel will be provided with a link to connect to the conference via video.

        Members of the press and public may call 855-244-8681 and enter access code 180 002 7957 to listen to the proceeding, but will not be permitted to speak during the conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. See Local Civil Rule 1.8. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

        Counsel should be sure to consult the Court's Emergency Individual Rules and Practices, available on the Court's website, and comply with the rules regarding conferences.

Dated: August 13, 2021
       White Plains, New York

                                                        SO ORDERED:

                                                        _/s/ Judith C. McCarthy_
                                                        JUDITH C. McCARTHY
                                                        United States Magistrate Judge