UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNIED STATES OF AMERICA,

- v -

JAMAUL KARRIM AZIZ,

                      **Defendant.**

REPORT AND
RECOMMENDATION

21 Cr. 113 (PMH)

TO:    THE HONORABLE PHILIP M. HALPERN
         UNITED STATES DISTRICT JUDGE

On or about December 27, 2022, Defendant Jamaul Karrim Aziz ("Aziz") filed a *pro se* motion seeking: 1) to withdraw his previously-entered guilty plea; 2) to relieve his court-appointed counsel, Deveraux L. Cannick, Esq., and appoint substitute counsel; and 3) to dismiss the indictment based on a purported Speedy Trial Act violation. [Dkt. 127.] On January 6, 2023, the Government filed a responsive letter wherein the Government: 1) opposed Aziz's request for substitute counsel; 2) opposed Aziz's motion to dismiss; but 3) did not oppose Aziz's request to withdraw his guilty plea. [Dkt. 131.] On January 9, 2023, Attorney Cannick filed a letter joining in Aziz's request that he be relieved as counsel. [Dkt. 133.] On or about January 10, 2023, Aziz filed a *pro se* pleading responding to the Government's submission. [Dkt. 134.] Also on January 10, the Government submitted a letter requesting a hearing on these matters. [Dkt. 136.] On January 11, 2023, your Honor referred these matters to the undersigned. [Dkt. 137.]

This Court convened a hearing on January 19, 2023. After hearing from counsel, and after hearing from Attorney Cannick and Aziz, at their request, *ex parte*, the Court **DENIED** the

request to relieve Attorney Cannick and appoint substitute counsel. After affording Aziz a further opportunity to consult with counsel, the Court **GRANTED** Aziz's unopposed motion to withdraw his guilty plea.[1] Defense counsel then moved to dismiss the indictment on the Speedy Trial Act basis that had been articulated by Aziz in his *pro se* motion, and agreed to adopt Aziz's *pro se* filings as his own. The parties agreed that the motion was fully submitted.

Because a motion "to dismiss . . . an indictment . . . made by the defendant" falls within the purview of 28 U.S.C. § 636(b)(1)(A) (pertaining to Magistrate Judge authority), I address defendant's motion via Report and Recommendation. For the reasons set forth below, I respectfully recommend that the motion be **DENIED**.

## BACKGROUND

The procedural history of this matter is extensive (137 docket entries to date). I assume familiarity with the record, and summarize only those portions of the record germane to defendant's motion.

Aziz was arrested on the evening of January 7, 2021, and appeared before this Court the following day for an initial appearance pursuant to Rule 5, Fed. R. Crim. P. At that time, Aziz was charged in a felony complaint with one count of conspiracy to distribute more than 40 grams of fentanyl in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). [Dkt. 1.] Aziz requested the appointment counsel, and the court appointed Jason Ser, Esq., Federal Defenders of New York, to serve as Aziz's counsel. [Dkt. 3.] On Aziz's behalf (and in his presence), Mr. Ser agreed to

---

[1] On September 15, 2022, Aziz appeared before the undersigned, pursuant to a referral from your Honor, and allocuted to Counts 1 and 3 of superseding indictment S2 21 Cr. 113. On October 21, 2022, I forwarded a transcript setting forth my recommendation that the pleas be accepted. [Dkt. 119.] Because the pleas were not formally accepted by the Court, Aziz had an unequivocal right to withdraw his pleas pursuant to Rule 11(d)(1), Fed. R. Crim. P.

fix February 3, 2021, as a control date for any preliminary hearing pursuant to Rule 5.1, Fed. R. Crim. P.  [Dkt. 2.]

On February 3, 2021—the preliminary hearing date which had been fixed by the court at the initial appearance—Assistant United States Attorney Jennifer Ong submitted an affirmation to the court reporting, in pertinent part:

> Jason Ser, Esq., attorney for the defendant,  has . . . been engaging in preliminary discussions with the Government concerning a possible disposition of this case without trial, and those discussions are ongoing.  The Government hereby requests that a continuance of 28 days be granted, during which time we may pursue further discussions.

[Dkt. 8, pp. 1-2.]  AUSA Ong's affirmation continued as follows:

> On January 21, 2021, I spoke to Mr. Ser, counsel for the defendant, who agreed on behalf of the defendant that the requested continuance of 28 days is appropriate in these circumstances.

[Dkt. 8, p. 2.]  Also on February 3, 2021, on the basis of AUSA Ong's affirmation, the Honorable Judith C. McCarthy, United States Magistrate Judge, granted a continuance to March 3, 2021, pursuant to 18 U.S.C. § 3161(h)(7)(A).  [Dkt. 7.]

On the basis of that continuance, the Government had until March 3, 2021 to return an indictment against Aziz in compliance with the Speedy Trial Act.  On February 22, 2021, the grand jury returned Indictment 21 Cr. 113, charging Aziz in three counts.  [Dkt. 9.]  Count 1 of the indictment charged Aziz and a second defendant with conspiracy to distribute more than 280 grams of cocaine base, as well as more than 400 grams of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  Count 2 of the indictment charged Aziz alone with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii).  Count 3 of the indictment charged Aziz alone with unlawful possession

3

of a weapon by a felon in violation of 18 U.S.C. § 922(g)(1).

The grand jury has subsequently returned superseding indictments, each time expanding the scope of the narcotics conspiracy charge against Aziz. [Dkts. 99, 110.] Indictment S3 21 Cr. 113, which is now the operative accusative instrument and upon which Aziz has now been arraigned, charges in Count 1 a conspiracy to distribute more than 280 grams of cocaine base; more than 400 grams of fentanyl; more than 10 grams of p-Flourofentanyl, a fentanyl analogue; more than 100 grams of heroin; and unspecified quantities of methamphetamine and cocaine. [Dkt. 110.] The firearms charges in Counts 2 and 3 remain.

## DISCUSSION

Invoking 18 U.S.C. § 3161(b), the Speedy Trial Act's requirement that an indictment or information be returned within 30 days of a defendant's arrest, Aziz argues that the indictment must be dismissed pursuant to 18 U.S.C. § 3162(a)(1) (indictment "shall be dismissed" if not timely returned). [Dkt. 127, p. 4.]  Although Aziz acknowledges that "[t]he statute . . . provides for excludable delays," [*id.*], he maintains that the February 3, 2021 continuance granted by Judge McCarthy was invalid because it was obtained on the basis of a government "misrepresentation." [*Id.* p. 5.]  More specifically, Aziz claims that AUSA Ong's affirmation in support of the continuance was false because "at no time while Defendant was represented by the Federal Defenders had there been plea negotiations, or any discussions between counsel and the Government concerning a resolution without a trial[.]" [*Id.* p. 2.]

Notably, Aziz's unsworn pleading does not include any supporting information from his former attorney, Jason Ser, Esq., nor does Aziz indicate how he is in a position to know what his erstwhile attorney did or did not discussion with the prosecutor.  Aziz baldly asserts that the

4

notion that his appointed attorney commenced plea negotiations soon after his arrest is "ludicrous" and "would support a claim of legal malpractice" [Dkt. 127, p. 6], but this self-serving formulation ignores counsel's professional obligation to engage the Government in "preliminary discussions" concerning a "possible disposition" like those described in AUSA Ong's affirmation.[2]

    Defense counsel "'must give the client the benefit of counsel's professional advice on [the] crucial decision'" of whether to plead guilty. *Boria v. Keane*, 99 F.3d 492, 49 (2d Cir. 1996) (quoting Anthony G. Amsterdam, *Trial Manual 5 for the Defense of Criminal Cases* (1988)). In order to discharge that responsibility, defense counsel must communicate with the Government on the client's behalf, so "it would be a rare case in which no conversations ever transpired between counsel." *Mavashev v. United States*, 2015 WL 1508313, at *8 (E.D.N.Y. Mar. 31, 2015) (quoting *United States v. McCall*, 2014 WL 2581353, at *3 (N.D. Cal. June 9, 2014). Aziz seems to assume that, because he was unaware of any "preliminary discussions" between his attorney and the Government, no such discussions occurred, but counsel was under no obligation to report to his client every preliminary or inconclusive conversation with Government attorneys. *See Mavashev*, 2015 WL 1508313, at *9-11 (defense counsel's duty to inform client regarding formal plea offers does not extend to "informal plea discussions"; collecting cases.)

    Aziz does not explicitly controvert AUSA Ong's representation in her February 3rd

---

[2] Experienced defense counsel know that federal criminal investigations frequently continue after a defendant's arrest, and that plea terms available to a defendant at early stages of a case may not be available later on. The escalating charges against Aziz in the complaint, the indictment, and the subsequent superseding indictments serve as a textbook example.

affirmation that Attorney Ser "agreed on behalf of the defendant" that the "requested continuance" was "appropriate[.]"  [Dkt. 8, p. 2.]  To the extent that Aziz implies that the ensuing continuance was invalid because he did not personally consent to it, however, I note that the Speedy Trial Act explicitly authorizes a judge to grant an "ends of justice" continuance "on his own motion or at the request of the defendant *or his counsel* or at the request of the attorney for the Government[.]"  18 U.S.C. § 3161(h)(7)(A) (emphasis added).  Based on the plain language of the statute, the Second Circuit has concluded that "a district court may grant a continuance sought by counsel *without the consent of the defendant* so long as the district court determines that the ends of justice would be served . . . and sets forth its reasons on the record."  *United States v. Lynch*, 726 F.3d 346, 356-57 (2d Cir. 2013) (emphasis added).  As the Court of Appeals observed, "[t]his rule aligns with the view that continuances are '[s]cheduling matters' that are 'plainly among those for which agreement by counsel generally controls.'"  *Id*. (quoting *New York v. Hill*, 528 U.S. 110, 115 (2000)).

Thus, defendant's motion to dismiss is insufficiently supported, speculative, and is premised on a flawed conception of the role and authority of defense counsel, and could be denied on that basis alone.  However, as the Government argues, Aziz's motion also fails as a matter of law.

In *United States v. Gaskin*, the court instructed that "courts will not dismiss an untimely indictment pursuant to § 3162(a)(1) if it pleads different charges from those in the complaint[.]"  364 F.3d 438, 451 (2d Cir. 2004).  This rule applies "even if the indictment charges arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint."  *Id.* (quotation marks

omitted). Thus, "when a complaint charge and an indictment charge involve overlapping or even identical facts, dismissal is not warranted under § 3162(a)(1) if the indictment charge requires proof of elements distinct from or in addition to those necessary to prove the crimes pleaded in the complaint." *Id.* at 453. Pertinent here, the "different elements" concept takes in cases where the indictment charges a higher drug quantity that increases the statutory sentence for the offense. *Id.* at 453-54.

Here, the complaint charged a conspiracy to distribute more than 40 grams of fentanyl, invoking 21 U.S.C. § 841(b)(1)(B) (40 year statutory maximum and five year mandatory minimum), whereas the 21 Cr. 113 indictment charged a conspiracy to distribute more than 400 grams of fentanyl, invoking 21 U.S.C. § 841(b)(1)(A) (life maximum and 10 year mandatory minimum). [*Compare* Dkt. 1 *with* Dkt. 9.] The 21 Cr. 113 indictment also charged the distribution of more than 280 grams of cocaine base, a drug not mentioned in the complaint, as an additional objective of the conspiracy, and added firearms charges which are not mentioned in the complaint at all. The subsequent, superseding indictments charge additional controlled substances—unmentioned in the complaint—as additional objectives of the conspiracy. [Dkts. 99, 110.]

Accordingly, under *Gaskin* the indictment is not subject to dismissal under § 3162(a)(1) even if its return was untimely under the Speedy Trial Act. Aziz's motion should be denied as a matter of law.

## CONCLUSION

For these reasons, I respectfully recommend that Aziz's motion to dismiss be **DENIED.**

Dated: January 23, 2023
White Plains, New York

Respectfully submitted,

Paul E. Davison, U.S.M.J.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Philip M. Halpern, at the Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).