UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

JAMAUL AZIZ,

                     Defendant.
-----------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

21-CR-00113 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 27, 2022, Defendant filed, *pro se*, a motion seeking, *inter alia*, to dismiss the indictment based upon a purported Speedy Trial Act Violation. (Doc. 127). The Government filed opposition thereto (Doc. 131), Defendant filed a document *pro se* responding to the Government's opposition (Doc. 134), and on January 19, 2023, during a conference held before Magistrate Judge Davison, defense counsel agreed to adopt Defendant's *pro se* filings as his own.[1]

On January 23, 2023, Magistrate Judge Davison issued a Report and Recommendation, recommending that defendant's motion to dismiss the indictment be denied ("Report"). (Doc. 140, "R&R"). On February 8, 2023, the Court *sua sponte* extended the time to file any written objections to the Report to February 10, 2023. (Doc. 144). Defendant filed, on February 10, 2023, his objections to the Report, describing the content of the filing as "reply to the Government's response opposing his motion to dismiss the indictment." (Doc. 145). The Government, as directed by the Court, filed a response to Defendant's objections on February 20,

---

[1] This Court referred Defendant's *pro se* motion to Magistrate Judge Davison under 28 U.S.C. § 636(b)(1)(A). (Docs. 135, 137).

1

2023. (Doc. 149). For the reasons set forth below, the Court finds Defendant's objections to be without merit, adopts the Report in its entirety, and DENIES Defendant's motion to dismiss.

When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Romano*, No. 15-992-CR, 2022 WL 402394, at *3 (2d Cir. Feb. 10, 2022) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 59(b) (requiring a district judge to "consider de novo any objection to the magistrate judge's recommendation" for dispositive matters); Fed. R. Crim. P. 59(a) (stating that for a nondispositive matter, i.e., "any matter that does not dispose of a charge or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous").

The Government argues that instead of *de novo* review, this Court may review the timely filed objections for clear error because "[t]he defendant raises no new arguments in his submission. Rather, he repeats, verbatim, the same arguments considered and rejected by Judge Davison." (Doc. 149 at 1 (citing *United States v. Peldomo*, No. 10-CR-69, 2010 WL 5071489, at *1 (E.D.N.Y. Dec. 7, 2010))). The Court agrees that Defendant does not raise any specific objections to the Report and simply reiterates his previous arguments made in his motion to dismiss the indictment. (*See* Doc. 145). In any event, "[w]hether reviewed de novo or simply for clear error, this Court finds no basis to reject or modify the [Report]." *Peldomo*, 2010 WL 5071489, at *2.

The Court need not and does not repeat herein Magistrate Judge Davison's thorough and well-reasoned analysis. The Court assumes the parties' familiarity with the record for purposes of this Order.

Defendant argues that the Government lied about having preliminary discussions with his prior counsel about a potential disposition of his case shortly after his arrest, contending that the Government's representations in an affirmation in support of an order of continuance concerning such discussions were false. (Doc. 145). Defendant attaches an affirmation filed by the Government in an unrelated case, arguing that it is "an identical affidavit" to that which was filed in this case, and the Court should therefore infer that it contained misrepresentations concerning pretrial resolution discussions, amounting to prosecutorial misconduct. (*Id*; Doc. 145-1). The factual premise that Defendant's prior counsel and the Government did not engage in such discussions is unsupported by any evidence beyond Defendant's sheer speculation. Moreover, the Government produced emails in its briefing before Magistrate Judge Davison between the Government and Defendant's prior counsel which specifically discussed providing early discovery "with an eye toward a pre-indictment resolution." (Doc. 131-3). Simply put, Defendant's bald assertion that his prior counsel did not engage in pretrial resolution discussions with the Government is contradicted by documentary evidence.

Defendant does not raise any objection to the Report's analysis or conclusion concerning the effect, with respect to the Speedy Trial Act, of an indictment charging the defendant with a charge different from the complaint. (*See generally* Doc. 145). Nonetheless, the Court has considered the arguments raised by the parties in their motion practice and concludes that Magistrate Judge Davison correctly applied Second Circuit precedent, *United States v. Gaskin*, which holds that "courts will not dismiss an untimely indictment . . . if it pleads different charges

3

from those in the complaint[.]" 364 F.3d 438, 451 (2d Cir. 2004). The indictment here charged Defendant with a different drug quantity than that charged in the complaint. (*Compare* Doc. 1 *with* Doc. 9). Thus, "under Gaskin the indictment is not subject to dismissal under § 3162(a)(1) even if its return was untimely under the Speedy Trial Act." R&R at 7; *see also Gaskin*, 364 F.3d at 453 (indictment charge was different from complaint charge where indictment charge included a different drug quantity prescribing a higher penalty).

For the foregoing reasons, the Court adopts the Report in its entirety, and Defendant's motion to dismiss the indictment (Doc. 127) is DENIED.

The Court notes that Defendant wrote, in his objections to the Report, that "if the Court is not inclined to grant substantive relief in the form of a dismissal of the Indictment, Defendant withdraws his request to withdraw his guilty plea." (Doc. 145). Defendant's request to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(1) was granted as unopposed on January 19, 2023, and the Government advises that it has not extended any new plea offer. Accordingly, unless Defendant wishes to plead guilty to the charges in the S3 Superseding Indictment, the deadlines set forth in the Court's Pretrial Scheduling Order remain in effect and trial will proceed on September 11, 2023 at 9:30 a.m.

The Clerk of Court is respectfully directed to terminate the pending letter-motion at Doc. 145.

**SO ORDERED.**

Dated: White Plains, New York
       February 21, 2023

_____
Philip M. Halpern
United States District Judge