**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street*
*White Plains, New York 10606*

November [--]

> The hearing shall be limited in scope to the nature and extent of the briefing that Investigator Ranno was given, if any, and the manner in which the defendant was searched incident to arrest. The Clerk of Court is respectfully requested to terminate the pending letter-motion (Doc. 193).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           November 27, 2023

**BY ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

    Re:    *United States v. Jamaul Aziz*, 21 Cr. 113 (PMH)

Dear Judge Halpern:

    The Government writes to respectfully request clarification of the scope of the evidentiary hearing scheduled in the captioned matter. As the Court is aware, the defendant has moved to suppress evidence recovered during a January 7, 2021 stop of his vehicle as well as his subsequent videotaped post-arrest statement to law enforcement. *See* Dkt. 106.

    In its opposition, the Government argued that the Court should deny the defendant's motion on the papers, as law enforcement had an independent basis from multiple controlled narcotics purchases for stopping and searching the defendant, and because the narcotics recovered on his person would inevitably have been discovered. *See* Dkt. 173. In the alternative, the Government asked that the Court limit the scope of any evidentiary hearing to the manner in which the defendant was searched incident to arrest. *See id.*

    In his reply, the defendant agreed that there was no dispute of fact as to his post-arrest statement, which was captured entirely on video. *See* Dkt. 174 at 6. He argued, however, that there was a dispute as to whether law enforcement had an independent basis to stop him, as, he claimed, the discovery failed to adequately establish that the troopers were briefed about law enforcement's investigation before his vehicle was stopped. *See* Dkt. 174 at 1-6. In a brief supplement, the Government argued that the defendant had no personal knowledge as to the briefing given to the troopers before he was pulled over, and that he thus failed to meet his burden of showing that a dispute of material fact existed as to this issue. *See* Dkt. 175. In any event, to moot this claim entirely, the Government submitted an affidavit from Investigator Corey Ranno, the trooper who stopped the defendant, confirming that he was briefed about law enforcement's investigation before pulling over the defendant and understood that there was probable cause to arrest him. *See id.* The defendant has offered nothing to contradict that account.

    Given this record, and to avoid the unnecessary expenditure of resources and ensure that the Government has available the appropriate witnesses, the Government respectfully requests that the Court clarify the scope of testimony that it wishes to receive at the scheduled evidentiary

hearing. The Government respectfully submits that the sole area where the defendant has plausibly met his burden of raising a dispute of material fact concerns the manner in which he was searched incident to arrest. Accordingly, the scope of witness testimony at the evidentiary hearing should be limited to this issue, while the remainder of the defendant's claims, for which he has failed to show a dispute of material fact, should be addressed as necessary through oral argument.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

by: /s/
        Benjamin Klein / Jennifer Ong
        Assistant United States Attorneys
        (914) 993-1908 / 1926

cc:    Daniel Hochheiser (via ECF)
        Diane Ferrone (via ECF)