**Andrew G. Patel**
Attorney-at-Law
15 Chester Avenue
White Plains, New York 10601
apatel@apatellaw.com					Telephone 212-349-0230

**By ECF**

February 21, 2025

> Defendant is directed to contact the magistrate judge on duty to schedule a change of counsel hearing. The Clerk of Court is respectfully directed to terminate the pending letter-motion (Doc. 275).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>     February 24, 2025

The Honorable Natasha C. Merle
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn New York 11201

Honorable Philip M. Halpern
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

			Re:	U.S. v. Jamaul Aziz
				24-CR-380 (NCM)
				21 CR 113 (PMH)

Dear Judge Merle and Judge Halpern:

    This letter is respectfully submitted to request that I be relieved as counsel for Mr. Aziz on both of his cases.

    While working on what I thought to be a completely unrelated case, I discovered a potential conflict with my continued representation of Mr. Aziz. I promptly discussed the situation with the Government in the Eastern District to see if they could determine if the potential conflict could be avoided. On Wednesday, February 19, 2025, the Eastern District Assistant United States Attorney informed me that, at this stage of the case, they could not determine if the potential conflict would crystalize later on. The Government was prepared to request a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

The Honorable Natasha C. Merle
The Honorable Philip M. Halpern
United States District Judge
February 21, 2025
Page 2

      Yesterday, I met with Mr. Aziz.  During our meeting, he came to understand the nature of the conflict to the extent that I could explain it, while protecting the rights of my other client.  He understands that he has the right to counsel whose loyalty is only to him.  He also understands that, if he waived the conflict, there was no way of knowing what could happen in the future.  He further understands that if he waived his right to conflict free counsel, he would not be able to raise the issue of the conflict on appeal or in a 2255 proceeding.

      Mr. Aziz and I spent a considerable amount of time discussing his options.  At the end of our discussion, in light of the seriousness of his situation, Mr. Aziz informed me that he would not waive the conflict.

      I have discussed this issue with the Assistant United States Attorney handling the case in the Southern District where the taint is more attenuated.  The Government advised me that they take no position on this request.

      In light of Mr. Aziz' decision and his right to conflict free counsel on all matters, I respectfully and regretfully ask to be relieved as counsel for Mr. Aziz.

                            Respectfully submitted,

                            /s/Andrew Patel
                            Andrew Patel

cc:    All counsel of record by ECF